# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-2314

_____

United States of America

*Plaintiff - Appellee*

v.

David James Marmon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota

_____

Submitted: December 16, 2016
Filed: February 3, 2017
[Unpublished]

_____

Before KELLY and MURPHY, Circuit Judges, and MAGNUSON,[1] District Judge.

_____

MAGNUSON, District Judge.

_____

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

Appellant David James Marmon appeals several evidentiary rulings the district court[2] made during his trial on child-pornography charges. For the following reasons, we affirm.

The North Dakota Bureau of Criminal Investigation began investigating Marmon in early 2014, after law-enforcement software recorded the IP address for Marmon's computer downloading files containing child pornography on peer-to-peer ("P2P") networks. The software program recorded Marmon's computers downloading files containing common child-pornography search terms such as "PTHC," which stands for "pre-teen hard core."

Law enforcement secured a search warrant for Marmon's residence in Williston, North Dakota. During the execution of the warrant, law enforcement examined twenty devices, two computers, and an external hard drive, and ultimately seized Marmon's desktop computer and a laptop from the residence. Officers also interviewed Marmon, and he admitted that he had downloaded and viewed child pornography. A forensic examination revealed that Marmon's computers did in fact download many of the same files the law-enforcement software recorded them downloading from the P2P networks. In June 2014, a grand jury indicted Marmon on one count of receipt of materials involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1).

During the four-day jury trial, the United States introduced, over Marmon's objection, a compilation of portions of videos ostensibly found on Marmon's computers. Marmon contends that the Government failed to establish that the material was in fact found on his computers, and that the district court erred in allowing the jury to view the videos. Marmon also argues that the evidence adduced at trial was insufficient to convict him.

---

[2] The Honorable Daniel L. Hovland, United States District Court Judge for the District of North Dakota.

On January 15, 2016, the jury convicted Marmon of the single charge brought against him. On May 9, 2016, the district court sentenced Marmon to the ten-year mandatory minimum term of imprisonment. Marmon timely appealed.[3]

We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the verdict and giving the verdict "the benefit of all reasonable inferences." United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006). A reversal is warranted "only if no reasonable jury could find the defendant guilty beyond a reasonable doubt." Id. The district court's rulings on evidentiary issues are reviewed for clear abuse of discretion. United States v. Omar, 786 F.3d 1104, 1112 (8th Cir. 2015). We will reverse "only when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict." United States v. Anderson, 783 F.3d 727, 745 (8th Cir. 2015) (quoting United States v. Henley, 766 F.3d 893, 914 (8th Cir. 2014)).

Marmon first argues that the evidence was insufficient to convict him of knowing receipt of child pornography, contending instead that the evidence established, at most, possession of child pornography. But the jury heard evidence that Marmon admitted to investigators that he had downloaded child pornography. Testimony from the investigator regarding Marmon's computer searches and the images found on Marmon's computers corroborated this confession. See United States v. Bagola, 796 F.3d 903, 907 (8th Cir. 2015) (finding that confession supported by corroborating evidence is sufficient to support a conviction). The evidence at trial was more than sufficient to support the jury's determination.

Nor did the district court err in admitting evidence of child-pornography materials found in the unallocated space on Marmon's computers. Although Marmon

---

[3] Although Marmon lists only one issue in his statement of the issues on appeal, his brief argues the three issues discussed below and several others. The issues not addressed do not merit any further discussion and the district court is affirmed in all respects.

argues that he could not have accessed this unallocated space without specialized software, the Government's evidence established that these materials resided in the unallocated space because Marmon had tried to delete the materials from his computers before the search warrant's execution. The district court did not abuse its discretion admitting these materials.

Finally, the district court did not abuse its discretion in allowing the jurors to view a compilation of the child-pornography video excerpts found on Marmon's computers. Marmon argues that the evidence was unfairly prejudicial. But this contention, without a showing that the district court failed to weigh Rule 403's requirements, is insufficient to allow us to conclude that the admission of this evidence constituted an abuse of discretion. United States v. McCourt, 468 F.3d 1088, 1092 (8th Cir. 2006). There is no doubt that child pornography videos are inherently disturbing. But Rule 403 precludes unfairly prejudicial evidence, not merely any evidence that is detrimental to a defendant's case. United States v. Johnson, 463 F.3d 803, 809 (8th Cir. 2006). Merely because the evidence is disturbing is not reason to exclude it. McCourt, 468 F.3d at 1092. Marmon has failed to establish that the district court abused its discretion in allowing this evidence to be published to the jury.

Affirmed.

_____